NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JENNIFER MURPHEY, individually and on behalf of all others similarly situated, | No. 24-4085 |
| | D.C. No. 2:22-cv-01224-JJT |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA; MERRICK B. GARLAND, Attorney General; ANNE MILGRAM, Administrator of the United States Drug Enforcement Administration; XAVIER BECERRA, Secretary of the Department of Health and Human Services; KRIS MAYES, Attorney General of the State of Arizona; ROBERT M. CALIFF, Commissioner of Food and Drugs, United States Food and Drug Administration, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted April 1, 2025[**]
Phoenix, Arizona

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: W. FLETCHER, FISHER[***], and R. NELSON, Circuit Judges.

Plaintiff-Appellant Jennifer Murphey appeals from the district court's final order dismissing her first amended complaint without leave to amend. Murphey seeks declaratory and injunctive relief for alleged constitutional and Administrative Procedure Act ("APA") violations of the Controlled Substances Act ("CSA"), the Arizona Controlled Substances Act ("AZCSA"), and two international treaties relating to drug enforcement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Prutehi Litekyan: Save Ritidian v. U.S. Dep't of Airforce*, 128 F.4th 1089, 1105 (9th Cir. 2025). We affirm.

We agree with the district court that Murphey has Article III standing to bring this pre-enforcement suit as to the CSA, AZCSA, and related regulations and criminal provisions. "In order to invoke the jurisdiction of the federal courts, a plaintiff must establish 'the irreducible constitutional minimum of standing,' consisting of three elements: injury in fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

---

[***] The Honorable D. Michael Fisher, United States Circuit Judge for the Court of Appeals for the Third Circuit sitting by designation.

2

To establish a pre-enforcement injury-in-fact, Murphey must satisfy the requirements listed in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014). *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024). "Under *Driehaus*, a plaintiff demonstrates injury-in-fact by showing '[1] an intention to engage in a course of conduct arguably affected with a constitutional interest, but [2] proscribed by a statute, and [3] there exists a credible threat of prosecution thereunder.'" *Planned Parenthood Great Nw., Haw., Alaska, Ind., Ky. v. Labrador*, 122 F.4th 825, 836 (9th Cir. 2024) (alterations in original) (quoting *Driehaus*, 573 U.S. at 159).

Murphey satisfies these requirements. First, she has alleged an intention to engage in a course of conduct because she "currently" and "fully intend[s] to continue . . . cultivating, possessing and/or using" the relevant controlled substances. She also alleged that this course of conduct implicates her constitutional interests. *See Peace Ranch*, 93 F.4th at 488 ("[T]his inquiry does not require us to engage in a mini litigation of the claims."). Second, the conduct is proscribed by the CSA, AZCSA, and related regulations and criminal provisions. Third, Murphey has demonstrated a "substantial" threat of enforcement. *Driehaus*, 573 U.S. at 164. "This final prong often rises or falls with the enforcing authority's willingness to disavow enforcement." *Peace Ranch*, 93 F.4th at 490. Neither Arizona nor federal officials have disavowed enforcement here. Having

3

established injury-in-fact, Murphey satisfies the other elements of Article III standing. Her alleged injury is caused by the anticipated enforcement of the CSA, AZCSA, and related regulations and criminal statutes, and it would be redressed if a court ruled in her favor.

We also agree with the district court that Murphey's challenges to the 1961 Single Convention on Narcotic Drugs and the 1971 Convention on Psychotropic Substances are nonjusticiable. Murphey does not dispute that these international treaties are non-self-executing. "Because non-self-executing treaty provisions are not judicially enforceable, claims seeking to enforce them are nonjusticiable." *Republic of Marshall Islands v. United States*, 865 F.3d 1187, 1193 (9th Cir. 2017). Murphey also lacks standing for these claims because her injury is not redressable. *See id.* at 1199. The conventions do not impose the criminal penalties she seeks to avoid.

Finally, we agree with the district court that it lacked subject matter jurisdiction over Murphey's APA claim. Courts of appeals have exclusive original jurisdiction over "all final determinations, findings, and conclusions" by the DEA when applying the CSA. 21 U.S.C. § 877. Murphey has not explained how her APA claim does not challenge the DEA's "final determinations, findings, or conclusions."

4

On the merits, we conclude that the district court correctly dismissed Murphey's free speech and procedural due process claims under Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *City of Oakland v. Oakland Raiders*, 20 F.4th 441, 451 (9th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (quotation marks omitted). We only address the federal law applicable to Murphey's claims because she does not raise any distinct state law arguments.

Murphey failed to state a free speech claim under either the U.S. Constitution or the Arizona Constitution. The First Amendment protects conduct "inten[ded] to convey a particularized message" and when "in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." *Spence v. Washington*, 418 U.S. 405, 410–11 (1974). Murphey has not pointed to any particularized message that she intends to convey by using controlled substances. Her "Freedom of Thought" theory also fails. "[T]he mere fact that . . . some human 'utterances' or 'thoughts' may be incidentally affected does not bar the State from acting to protect legitimate state interests." *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 67 (1973).

Murphey also failed to state a procedural due process claim under either the U.S. Constitution or the Arizona Constitution. "A procedural due process claim

consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023). Murphey has not alleged sufficient facts to support a finding of inadequate process. It is unclear what processes Murphey believes were constitutionally required but not provided. Murphey primarily contends that scheduling decisions under the CSA are arbitrary and biased. But this Court has repeatedly rejected similar constitutional challenges to cannabis scheduling. *United States v. Christie*, 825 F.3d 1048, 1066 (9th Cir. 2016); *United States v. Miroyan*, 577 F.2d 489, 495 (9th Cir. 1978), *overruled on other grounds as recognized by United States v. Pineda-Moreno*, 688 F.3d 1087, 1090–91 (9th Cir. 2012).

**AFFIRMED.**